THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HIPÓLITO TORRES NAVARRO, Defendant and Appellant.

No. Cr–62–232.    Decided March 5, 1963.

---

*Rafael Rodríguez Llanos* counsel appointed by the Court to assist appellant.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

The district attorney filed an information against Hipólito Torres Navarro in the Ponce Part of the Superior Court of Puerto Rico for the offense defined in the second paragraph of § 260 of the Penal Code,[1] alleging, briefly: That the said defendant, in the ward of San Antón of Ponce and on one of the days comprised between the months of January and July 1961, committed lewd and lascivious acts upon a girl under 14 years of age named Virgenmina Torres Ramos with the intent of arousing, inciting, and gratifying his lust, passion and sexual desires and those of the child.

The trial having been held before the court without a jury, defendant was found guilty of the offense charged and sentenced to serve from one to three years' imprisonment in the penitentiary at hard labor. He was represented by an attorney at the trial, but he interposed a petition for appeal in his own right. The trial court ordered the preparation of the stenographic record free of cost, the same having been sent up on the 27th of last August.

Defendant-appellant having failed to file his brief in this appeal, on the 3d day of last October we entered an order granting to defendant-appellant a period of ten days to show cause why the petition should not be dismissed for lack of prosecution. Notwithstanding that by November 28, 1962 he

---

[1] That paragraph reads as follows:

"Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child, shall be guilty of a felony and shall be imprisoned in the penitentiary not to exceed five years."

had failed to show any cause, we entered an order on that date designating Rafael Rodríguez Llanos to represent defendant before this Court and give him the legal assistance necessary in order that he could exercise fully his right of appeal in this petition, granting to said attorney a period of 30 days to file the corresponding brief. Notice of such designation was served on November 29, 1962 on Rodríguez Llanos, the defendant-appellant, and the Solicitor General.

On the following December 13 Rodríguez Llanos filed a memorandum, notice of which was served on defendant five days later, alleging before this Supreme Court, among others, the following:

"Although from a reading of the transcript of the evidence I understand that there were contradictions in the testimony of the prosecution witnesses, the Hon. Supreme Court of Puerto Rico has been clear and consistent in its position that the trial judge who sees and observes the conduct and manner of talking of the witnesses is in a better position to judge the truthfulness of their testimony and that his decisions will not be reversed on that ground.

"The capacity of the prosecutrix in this case, who was nine (9) years of age, was in the first grade, is not convincing as a witness, but there being other direct witnesses of the commission of the offense whose testimonies were given full credit, the error, if it should prosper, would not be reversible.

"WHEREFORE, I respectfully inform the Hon. Court that no substantial error appears from the record on appeal to warrant an appeal brief on which the Court may reverse the judgment appealed from."

Up to this day defendant has said nothing respecting the afore-mentioned memorandum nor has he designated his own attorney to represent him in the appeal, nor done it in his own right.

We have made a careful examination of the record of the case, particularly of the stenographic record attached thereto. We believe that the final weighing on the lack of merits of this appeal made by Rodríguez Llanos is correct. The evi-

dence heard establishes beyond a reasonable doubt the commission of the offense imputed. The prosecution evidence consisted, in the first place, in the presentation of the birth certificate of the prosecutrix whose correct name is Luz Ermina Torres Ramos (according to the amendment made in the information with the acquiescence of the defense), and that she was born on May 8, 1952, and was on the date of the occurrence 9 years and 11 months old. The People offered the testimony of the prosecutrix Luz Ermina Torres Ramos and that of her small brother named Ismael Torres Ramos, aged 12. The only witness produced by defendant was his other daughter Luz Selenia Torres.

The prosecutrix and witness Ismael Torres Ramos are also the defendant's children and lived with him in the ward of San Antón of Ponce. While they were living with defendant the latter committed upon the girl the lewd or lascivious acts charged in the information and which were clearly and accurately described by the child Luz Ermina Torres Ramos and her brother Ismael Torres Ramos as committed, not once, but several times within the period mentioned in the information. The testimony of defendant's other daughter named Luz Selenia Torres is not favorable to defendant, but, on the contrary, it corroborates sufficiently the testimonies of her small brother and sister.

In the act of finding defendant guilty, the trial judge with good reason stated, among other things, the following:

"The evidence in this case having been heard, the court has no doubt that defendant is guilty of the acts imputed to him. The witnesses' testimonies have been convincing, and not only the prosecution witnesses but the defense witness herself, Luz Selenia Torres, stated to the court that defendant used to commit acts which were similar to those imputed to him in this information."

Defendant did not introduce evidence in his defense other than the testimony of his daughter Luz Selenia Torres.

In view of the foregoing, we are of the opinion that the present appeal should be dismissed for want of prosecution, the judgment appealed from rendered by the Superior Court, Ponce Part, on October 30, 1961 being therefore final and unappealable.

